Amba Capital Ventures, Inc. v Farrell (2022 NY Slip Op 02054)





Amba Capital Ventures, Inc. v Farrell


2022 NY Slip Op 02054


Decided on March 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 24, 2022

Before: Kern, J.P., Moulton, Rodriguez, Pitt, Higgitt, JJ. 


Index No. 152529/20 Appeal No. 15588 Case No. 2021-03009 

[*1]Amba Capital Ventures, Inc., et al., Plaintiffs-Respondents,
v
David Farrell, Defendant, Signature Bank, Defendant-Appellant.


Meyner and Landis LLP, New York (Matthew P. Dolan of counsel), for appellant.
Chipman Brown Cicero & Cole, LLP, New York (Adam D. Cole of counsel), for respondents.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about July 13, 2021, which, to the extent appealed from, denied defendant Signature Bank's motion to dismiss the claims asserted by plaintiffs Anderson Inniss and Inniss Construction, Inc., unanimously affirmed, with costs.
The time limitation provision in the parties' account agreements do not conclusively relate to the claims asserted. The time limitation provisions provide that plaintiffs would be required to commence any legal action or proceeding against Signature "with respect to any Account or this Agreement" within one year. The allegations in the complaint, however, are not conclusively tethered to any such "Account" or the "Agreement," but instead involve "hard money" loans and investments in entities other than Signature. Indeed, plaintiffs alleged defendant Farrell, a former Signature employee, enticed plaintiffs to open an account at another bank to effect the transfers.
The exculpation provisions, which provide, inter alia, that "any claim allegedly arising from, or in any way related to, [Signature]'s performance or non-performance of this Agreement . . . shall be limited to breach of contract," do not bar plaintiffs' negligence-based claims for similar reasons. The limited evidence submitted on the CPLR 3211 motion does not establish conclusively that Farrell's allegedly predatory banking practices and "hard money" loans, and Signature's alleged negligent oversight of them, arise from or relate to the account agreements.
We have considered defendants' remaining contentions, and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2022